IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 10-631 |
| DENNIS NICHOLAS | : | |

<u>O R D E R</u>

AND NOW, this       day of             , 2012, upon consideration of the Government's Motion in Limine to Admit Evidence Regarding Additional Crimes and/or Prior Bad Acts, it is hereby

ORDERED

that the government's motion is granted.  At the trial of the offenses charged in the indictment, the government will be permitted to present evidence regarding the intentional and knowing filing of fraudulent federal income tax returns in years prior to 2005, particularly 2004.  This Court finds that proof regarding these other activities is relevant to prove the defendant Dennis Nicholas' (1) motivation; (2) intent, (3) preparation; (4) plan; (5) absence of mistake or accident; (6) provide the jury with a coherent narrative; and (7) will lend to the credibility of the cooperating and fact witnesses, and any prejudicial impact does not substantially outweigh the probative value of the evidence.

BY THE COURT:

_____
The Honorable Legrome D. Davis
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 10-631 |
| DENNIS NICHOLAS | : | <u>FILED UNDER SEAL</u> |

GOVERNMENT'S MOTION IN LIMINE TO ADMIT
EVIDENCE REGARDING ADDITIONAL CRIMES AND/OR BAD ACTS

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, Anita Eve, Assistant United States Attorney, moves in limine to respectfully request that the Court admit evidence of additional crimes and/or bad acts by the defendant which is relevant to proof of the offenses to be tried.

The government presents this motion in limine regarding the trial of defendant Dennis Nicholas, scheduled for July 16, 2012. In this motion, the government requests that the Court admit evidence of other additional crimes and/or bad acts by defendant Dennis Nicholas that defendant Dennis Nicholas filed and/or caused the filing of additional false and fraudulent federal income tax returns, specifically his 2004 federal income tax return, to show (1) his motivation; (2) intent, (3) preparation; (4) plan; (5) absence of mistake or accident; (6) provide the jury with a coherent narrative; and (7) to lend credibility to the testimony of the cooperating and fact witnesses.

I.  Background.

    A.  The Superseding Indictment.

The superseding indictment in this case charges the defendant Dennis Nicholas with bank fraud, in violation of 18 U.S.C. § 1344, and loan application fraud, in violation of 18 U.S.C. § 1014, for fraudulent acts against and involving loans obtained from Wilmington Trust Federal Savings Bank (Counts One through Fifty-Five); bank bribery of a loan officer, in violation of 18 U.S.C. § 215(a)(1) (Count Fifty-Six); filing false and fraudulent income tax returns for tax years 2005 and 2006, in violation of 26 U.S.C. § 7206(1) (Counts Fifty-Eight and Fifty-Nine); and, bank fraud and loan application fraud in violation of 18 U.S.C. § 1344, and 18 U.S.C. § 1014, for fraudulent acts against and involving loans obtained from Malvern Federal Savings Bank (Counts Sixty-Three through Sixty-Five). Pennsylvania.

    B.  The Relevant Offense Conduct, Investigation, and Other Crimes and/or Bad Acts.

In this case, it is alleged that defendants Bernadette Nicholas and Dennis Nicholas subscribed to jointly filed federal income tax returns for 2005 and 2006, which they knew were false.  There is evidence that they did not report the total amount of their income on their returns because they intentionally omitted monies that they received as income, as the result of the operation of Nicholas Mortgage Company, but later used to pay their adult children's expenses.  They also excluded from income their reported income any monies that they used to pay kickbacks to Kevin McAllister, a loan officer at Wilmington Trust Federal Savings Bank, who approved commercial and/or residential loans presented to him by Bernadette Nicholas, in her capacity as a licensed mortgage broker, and by defendant Dennis Nicholas, as an assistant to his wife, Bernadette Nicholas, in the operation of Nicholas Mortgage Company.  Not only were the monies that Bernadette Nicholas and/or Dennis Nicholas received from the operation of Nicholas

Mortgage Company not treated as income on their 2005 and 2006 federal income tax returns, they did not disclose this income to the certified public accountant that they employed to prepare and file their tax returns in the years prior to 2005 and 2006.

In this case, the government must establish with proof beyond a reasonable doubt that the evidence meets the following elements:

1. That the defendant made and subscribed and filed an income tax return;
2. That the tax return contained a written declaration that it was made under the penalties of perjury;
3. That the return was false regarding a material matter;
4. That the defendant did not believe the return was true and correct as to that material matter; and,
5. That the defendant acted willfully.

In order to satisfy the elements, the government seeks to introduce into evidence not only the defendant's electronically filed 2005 and 2006 returns, but evidence of the defendant's prior returns, to demonstrate (1) his motivation; (2) intent, (3) preparation; (4) plan; (5) absence of mistake or accident; (6) provide the jury with a coherent narrative; and (7) to lend credibility to the testimony of the cooperating and fact witnesses.  Moreover, we submit that such evidence serves to prove willful conduct and the defendant's pattern of omitting income.

II.     Argument.

Evidence of Other Criminal or Bad Acts is Admissible to Prove the Charged Offenses

The government seeks to admit defendant Dennis Nicholas' prior income tax returns for the sole purpose of demonstrating that the filing of his 2005 and 2006 federal income tax returns with omitted income were the result of a thoughtful course of action decided by both him and defendant Bernadette Nicholas, as opposed to an omission or mistake on the defendant's part.

Recently, the Third Circuit issued an important precedential decision addressing the admissibility of other crimes to establish a charged offense. In United States v. Green, 2010 WL 3081444 (3d Cir. Aug. 9, 2010), the Court explained that evidence of other wrongful acts may be either "intrinsic" or "extrinsic" to the charged crime and went on to reaffirm the inclusive nature of Fed. R. Evid. 404(b), which is a general rule of admissibility of uncharged bad acts.

Here, the government has requested a proper limiting instruction advising the jury that Dennis Nicholas is not on trial for any other crimes, but presents the evidence only for limited purposes. Thus, the notice requirement of Rule 404(b) is satisfied. As is explained below, the other crimes evidence should be admitted pursuant to Rule 404(b).

Significantly, Green reaffirmed the Third Circuit's longstanding view favoring the admission of evidence under Rule 404(b). See, e.g., United States v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994); United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir. 1988). Green presented a lengthy discussion of the historical underpinnings of Rule 404(b), explaining that the common law set forth a general rule of inadmissibility of evidence of uncharged bad acts, subject to limited exceptions, while the Federal Rules of Evidence changed this approach, setting forth "a general rule of admissibility, subject to a single exception - evidence of other wrongful acts was

admissible so long as it was not introduced <u>solely</u> to prove criminal propensity.  Thus, the proponent no longer had to pigeonhole his evidence into one of the established common-law exceptions, on pain of exclusion.  If he could identify <u>any</u> non-propensity purpose for introducing the evidence, it was admissible."  <u>Green</u>, 2010 WL 3081444 at *9 (emphasis in original).

"In <u>Huddleston v. United States</u>, 485 U.S. 681 [] (1988), the Supreme Court set out a four-part test for admission of Rule 404(b) evidence: (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted."  <u>United States v. Givan</u>, 320 F.3d 452, 460 (3d Cir. 2003).  The evidence here plainly has a proper purpose.

Evidence that defendant Dennis Nicholas willfully and knowingly excluded from his and his wife's reported income monies that the two paid toward their adult children's expenses and to make kickback payments to Kevin McAllister is offered not to show propensity, but to establish his motive, intent, preparation, plan, and absence of mistake or accident – purposes specifically listed in Rule 404(b).

Other acts may be properly introduced to show a defendant's intent to commit the offenses charged, since it discredits an innocent explanation for the defendant's actions.  That a defendant was planning a criminal activity is properly introduced to show that he carried out his plan and committed the crime.  <u>See</u> <u>United States v. DeCicco</u>, 370 F.3d 206, 212-13 (1st Cir. 2004) (similar arson three years prior to charged arson admitted to prove common plan).

In a similar vein, the other crimes are also evidence of the defendant's preparation for the filing of his 2005 and 2006 federal income tax returns.  Demonstrating that a defendant prepared for a crime supplies a logical and permissible basis, under Rule 404(b), for an inference

that he carried out the crime.  See United States v. Echeverri, 854 F.2d 638, 644 (3d Cir. 1988) (access to large quantities of cocaine probative of preparation to establish "large scale drug business."); United States v. Peoples, 250 F.3d 630, 638 (8th Cir. 2001) (burglary and robbery were evidence of preparation and intention to carry out murder); United States v. Nolan, 910 F.2d 1553, 1562 (7th Cir. 1990) (stolen car showed preparation for bank robbery).

Although not mentioned in Rule 404(b), the need to tell a coherent narrative at trial also is well recognized:

> A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

Old Chief v. United States, 519 U.S. 172, 189 (1997).  A long recognized "proper purpose" for evidence under Rule 404(b) is to supply a jury with "helpful background" information needed to fully understand the events charged in the indictment.  United States v. Green, 617 F.3d 233, 250 (3d Cir. 2010) (evidence of threat to kill police officer in drug case supplied "helpful background information to the finder of fact" and was permitted under Rule 404(b)); United States v. Simmons, 679 F.2d 1042, 1050 (3d Cir. 1982) (prior check forging admissible under Rule 404(b) "to provide necessary background information . . . "); United States v. Taylor, 522 F.3d 731, 735-36 (7th Cir. 2008) (it is proper under Rule 404(b) to admit evidence in order to "avoid confusing the jury"); United States v. Lashmett, 965 F.2d 179, 184-85 (7th Cir. 1992) (defendant's incarceration proved his motive to recruit others in fraud scheme, and "filled a chronological gap in the case" by explaining his physical absence during the period of

incarceration).

Finally, on the issue of credibility, the evidence also corroborates the testimony of other witnesses in this case. Several courts have held that it is appropriate to introduce evidence of other acts to make a cooperating witness' testimony more credible, or an opposing witness' testimony less likely. See United States v. Bell, 624 F.3d 803, 810-11 (7th Cir. 2010) (evidence of prior cocaine transaction properly introduced to impeach defendant's denials and to bolster credibility of cooperating witness); see also, Green, 617 F.3d at 250 (defendant's threat to murder police witness supplied motive for cooperating witness to testify and made him more credible).

The evidence is not subject to exclusion under Rule 403. That rule does not direct simple "balancing." The rule makes clear that exclusion is allowed only if the unfairly prejudicial impact of evidence "substantially outweighs" the probative value. In part, this means that the test is almost surely not met where the probative value of the evidence is itself high. The remedy is "extraordinary," and should be applied sparingly; the balance should be struck in favor of admissibility. United States v. Terzado-Madruga, 897 F.2d 1099, 1117 (11th Cir. 1990); accord, United States v. Dennis, 625 F.2d 782, 797 (8th Cir. 1980); United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978).

Further, "prejudice" does not mean simply that the evidence is harmful to the defendant's case. Rule 403

> does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case. Rather, the rule only protects against evidence that is unfairly prejudicial. Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Note, F.R.Evid. 403.

Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (emphasis in original). "[T]he prejudice against which [Rule 403] guards is unfair prejudice -- prejudice of the sort which clouds

impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found.'" United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) (quoting Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 670 (3d Cir. 2002)).  "Virtually all evidence is prejudicial or it is not material." Carter, 617 F.2d at 972 n.14, quoting Dollar v. Long Manufacturing Co., 561 F.2d 613, 618 (5th Cir. 1977).

        The evidence proffered here does not produce unfair prejudice.  The evidence is not inflammatory, but rather involves conduct of exactly the same nature as that on trial committed by the defendant.  In this situation, as the Third Circuit has often held, a properly instructed jury may surely be trusted not to consider the evidence as proof of propensity and to consider it only for the proper purposes for which it is admitted.

        Finally, as noted, a jury instruction will ameliorate any prejudice.  The model Third Circuit jury instruction for this purpose, Third Circuit Model Jury Instructions-Criminal § 4.29, was approved by the Court in United States v. Lee, 612 F.3d 170, 191-92 & 191 n.25 (3d Cir. 2010), and should be presented here.

        For these reasons, the government requests admission of defendant Dennis Nicholas' federal income tax return information presented to John F. Millon for filing with the Internal Revenue Service for the years prior to 2005 and any testimony regarding the circumstances surrounding the information provided to Millon and the Internal Revenue Service.

    E.    Conclusion.

        For the reasons stated above, the government requests that the Court at the forthcoming trial admit evidence regarding the preparation and filing of defendant Dennis Nicholas' joint federal income tax returns, as proof of his plan to file false and fraudulent income tax returns in 2005 and 2006 as charged in the superseding indictment.

Respectfully yours,

ZANE DAVID MEMEGER
United States Attorney


 /s/ Anita Eve
ANITA EVE
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion for Continuance of Trial Date has been filed electronically on the Electronic Case Filing system and is available for viewing and downloading from the ECF system, and was served by electronic mail on:

Mark Wilson, Esquire

/s/ Anita Eve
ANITA EVE
Assistant United States Attorney

DATED: July 12, 2012