IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| vs. | : | CRIMINAL NO.  10-631-4 |
| | : | |
| | : | |
| DENNIS NICHOLAS | : | |

ORDER

**AND NOW**, this          day of                  , 2012, upon consideration of Defendant Dennis Nicholas's Motion *in limine* Pursuant to Rule 16 of the Federal Rules of Criminal Procedure to Exclude Evidence and Testimony Concerning Fingerprint Examination, memorandum of law in support thereof, and any government response thereto, it is hereby **ORDERED** that the motion is **GRANTED**.  The Report of Examination and expert testimony of FBI Physical Scientist/Forensic Examiner Corrie J. Mellott, M.S., shall be and hereby is **EXCLUDED**.

It is so **ORDERED**.

BY THE COURT:


_____
**THE HONORABLE LEGROME D. DAVIS**
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL NO. 10-631-4 |
| | : | |
| DENNIS NICHOLAS | : | |

**DEFENDANT DENNIS NICHOLAS'S MOTION *IN LIMINE*
PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE
TO EXCLUDE EVIDENCE AND TESTIMONY
<u>CONCERNING FINGERPRINT EXAMINATION</u>**

On the morning of July 16, 2012, the government provided the defense with a Report of Examination by, and the Curriculum Vitae of, Corrie J. Mellott, an FBI Physical Scientist/Forensic Examiner.  The government wishes to admit Ms. Mellott's report and expert testimony to show that she recovered latent fingerprints and one palm print of defendant Dennis Nicholas on various documents that are evidence in this case.  Because the government's disclosure of Ms. Mellott's report and her anticipated expert testimony on the first day of trial is a violation of its obligations under Federal Rule of Criminal Procedure 16(a)(1)(F) and (G), and because the admission of the report and expert testimony would threaten defendant Dennis Nicholas's due process and Confrontation Clause rights, the defense respectfully moves the Court to exercise its discretion under Rule 16(d)(2)(C) to prohibit the government from introducing Ms. Mellott's report and expert testimony.  In support of this motion, the defense states:

1. On January 8, 2010, the government provided the FBI Laboratory Latent Print Unit with various leases, which are evidence in the above-captioned case, to be examined for latent fingerprints and palm prints.

2.     On July 16, 2010, FBI Physical Scientist/Forensic Examiner Corrie Mellott (née Brown) provided the case agent in this matter, John F. Kirk, with her Report of Examination, entitled:

>    BERNADETTE NICHOLAS
>    DENNIS V. NICHOLAS
>    KEVIN D. MCALLISTER
>    WAYNE ROSEN
>    ANN F. ARRENTZEN;
>    WILMINGTON TRUST CORPORATION-VICTIM
>    MALVERN FEDERAL BANK-VICTIM.

3.     On September 28, 2010, the government filed the original indictment in this case, charging Bernadette Nicholas, Kevin D. McAllister, and Wayne Rosen with bank fraud, loan application fraud, bank bribery, filing false and fraudulent income tax returns, tax evasion, and aiding and abetting the same.

4.     On September 6, 2011, the government filed the superseding indictment in this case, adding Mr. Nicholas as a named defendant.

5.     On September 19, 2011, undersigned counsel, having been appointed to represent Mr. Nicholas, sent Assistant United States Attorney Anita Eve a discovery request letter which requested, *inter alia*, "[a]ll results or reports of scientific tests or examinations made in connection with this case" and "[a] written list of the names, addresses[,] and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts . . . ."

6.     On October 27, 2011, Assistant United States Attorney Anita Eve responded by letter stating, in pertinent part, that "the government will supplement the discovery with . . . the fingerprint analysis which identified Dennis and Katherine Nicholas." It did not, at that time,

provide the June 16, 2010, report of Ms. Mellott to the defense.

      7.      On July 11, 2012, Assistant United States Attorney Anita Eve communicated with undersigned counsel by letter, in which she stated the government had fulfilled its discovery obligations under Rule 16(a).

      8.      On July 16, 2012, immediately prior to jury selection in the above-captioned matter, the government provided undersigned counsel with Ms. Mellott's curriculum vitae and report of examination. The defense had not previously received either document.

      9.      On July 16, 2012, after the jury had been excused, Assistant United States Attorney Anita Eve represented to the Court that she did not herself have a physical copy of the report available until the morning of trial.

      10.     Federal Rule of Criminal Procedure 16(a) requires that

> Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical . . . examination and of any scientific test or experiment if
>
> (I) the item is within the government's possession, custody, or control;
>
> (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and
>
> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

FED. R. CRIM. P. 16(a)(1)(F).

11. Rule 16 further requires that "[a]t the defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use . . . during its case-in-chief at trial," which summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." FED. R. CRIM. P. 16(a)(1)(G).

12. The duties to disclose under Rule 16 are continuing obligations. *See* FED. R. CRIM. P. 16(c).

13. If a party does not comply with its continuing obligations under Rule 16, the Court has discretion to remedy the noncompliance in a number of ways, including prohibiting the proponent of the evidence from introducing the evidence at trial. *See* FED. R. CRIM. P. 16(d)(2)(C).

14. The government knew of Ms. Mellott's report of examination no later than October 27, 2011. It was obligated under Rule 16 to promptly make the report available for undersigned counsel's review, but did not do so.

15. On information and belief, the government knew that it would seek to introduce Ms. Mellott's expert testimony no later than October 27, 2011. It was obligated under Rule 16 to promptly give to undersigned counsel a summary of Ms. Mellott's opinions, the bases and reasons therefor, and her C.V. It did not do so.

16. As set forth in the accompanying memorandum of law, admission of Ms. Mellott's report of examination and expert testimony would threaten defendant Dennis Nicholas's due process right to a fair trial.

WHEREFORE, the defense respectfully requests that the Court exercise its discretion under Federal Rule of Criminal Procedure 16(d)(2)(C) and prohibit the government from introducing Ms. Mellott's report, and her expert testimony, at the trial in this matter.

Respectfully submitted,

/s/ Mark Wilson
MARK WILSON
Senior Trial Counsel

MICHAEL D. RAFFAELE
Research & Writing Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| vs. | :   CRIMINAL NO.  10-631-4 |
| | : |
| | : |
| DENNIS NICHOLAS | : |

**DEFENDANT DENNIS NICHOLAS'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* PURSUANT TO RULE 16
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE
TO EXCLUDE EVIDENCE AND TESTIMONY
<u>CONCERNING FINGERPRINT EXAMINATION</u>**

The government intends to admit a Report of Examination produced by, and expert testimony from, Corrie J. Mellott, an FBI Physical Scientist/Forensic Examiner.  Ms. Mellott's report and anticipated testimony concern her examination of documents that are evidence in this case for latent fingerprints and palm prints.  Because the government violated its Rule 16 discovery obligations by disclosing Ms. Mellott's report on the morning of the first day of trial, and because admission of the undisclosed report and any testimony concerning the report would threaten defendant Dennis Nicholas's due process right to a fair trial, the defense requests that the Court grant its motion *in limine* to exclude Ms. Mellott's report and testimony.

It is clear that the government was obligated under Rule 16 to promptly disclose to the defense Ms. Mellott's report and an adequate summary of her anticipated testimony following the defense's September 19, 2011, request for discovery pursuant to Rule 16.  It is also clear that the government's disclosure of Ms. Mellott's report and anticipated testimony on the morning of trial was untimely.  The defense submits that it was prejudiced by this untimely disclosure because it was not only surprised by the report, but lacks the time to adequately prepare to cross-examine

Ms. Mellott and challenge her conclusions. *See United States v. Stevens,* 380 F.3d 1021, 1026 (7th Cir. 2004) ("A defendant is prejudiced under Rule 16 ... when he is unduly surprised and lacks an adequate opportunity to prepare a defense, or when the violation substantially influences the jury."). *See also United States v. Fleet Mgmt. Ltd.*, 2008 WL 222325, at *3 (E.D. Pa. Jan. 28, 2008) (citing *Stevens*).

  Mr. Nicholas's due process right to a fair trial, and his Confrontation Clause right to effective cross-examination of the government's witnesses, were damaged by the untimely disclosure in this case. Because of the late disclosure, the defense will be unable to investigate Ms. Mellott's background, prior expert qualifications, prior expert testimony, and the techniques she used in this case. It will also be unable to work with its own expert to challenge the government's forensic evidence on the grounds that the scientific validity of latent finger- and palm print techniques are – at best – questionable.

  Moreover, because the jury has been empaneled and jeopardy has attached, the only remedy in this case that may cure the harm of the government's untimely disclosure is exclusion of Ms. Mellott's report and testimony. *See Fleet Mgmt. Ltd.*, 2008 WL 222325, at *5 (excluding government expert testimony where no other remedy would cure the harm that arose therefrom). Therefore, the defense requests that the Court exercise its discretion under Rule 16(d)(2), and prohibit the government from introducing the report and testimony of Ms. Mellott.

### III.   CONCLUSION

For the reasons set forth in detail above, the defense respectfully requests that the Court grant the defense motion *in limine* to prohibit the admission of the report and expert testimony of FBI Physical Scientist/Forensic Examiner Corrie J. Mellott.

Respectfully submitted,

  /s/ Mark Wilson
MARK WILSON
Senior Trial Counsel

MICHAEL D. RAFFAELE
Research & Writing Attorney

## **CERTIFICATE OF SERVICE**

     I, Mark Wilson, Senior Trial Counsel, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of Defendant Dennis Nicholas's Motion *in limine* Pursuant to Rule 16 of the Federal Rules of Criminal Procedure to Exclude Evidence and Testimony Concerning Fingerprint Examination, and memorandum of law in support thereof, by electronic notification, upon Anita Eve, Assistant United States Attorney, to her office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.


                                             */s/ Mark Wilson*
                                             Mark Wilson
                                             Senior Trial Counsel


DATE:     July 16, 2012